**T. I. M. E.–DC, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America et al.,
Defendants-Appellees.**

**No. 75–3921.**

United States Court of Appeals,
Fifth Circuit.

March 17, 1977.

Bryce Rea, Jr., Washington, D. C., for plaintiff-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Carol J. Freeman, Civil Div., Dept. of Justice, Lloyd John Osborn, I. C. C., Washington, D. C., Robert Wilson, Asst. U. S. Atty., Lubbock, Tex., for defendants-appellees.

Before JONES, WISDOM and GOD-BOLD, Circuit Judges.

PER CURIAM:

The appellant, T.I.M.E.–DC is a motor common carrier. In 1969 it hauled rocket engines and liquid for the United States. A freight charge in excess of the classification rate was collected. The United States brought a reparations action for the amount by which the amount collected exceeded the freight computed by the classification rate. The action was stayed and a proceeding was instituted before the Interstate Commerce Commission for a determination of whether the charge made was justified. The Commission held the rates used in computing the freight were unjust and unreasonable. The carrier brought an action in the district court to review the Commission's decision. The decision was upheld and the carrier has appealed.

It is urged by the appellant that its evidence established the reasonableness of the rate used and had rebutted the presumption that an exception rate was invalid to the extent that it exceeded a classification rate.

The Supreme Court has held:

"Judicial review of decisions by the Interstate Commerce Commission in rate cases necessarily has a limited scope. Such decisions 'are not to be disturbed by the courts except upon a showing that they are unsupported by evidence, were made without a hearing, exceed constitutional limits, or for some other reason amount to an abuse of power.' *Manufacturers R. Co. v. United States,* 246 U.S. 457, 481, 38 S.Ct. 383, 62 L.Ed. 831 (1918)." *Atchison, T. & S. F. R. Co. v. Wichita Bd. of Trade,* 412 U.S. 800, 93 S.Ct. 2367, 37 L.Ed.2d 350.

█ There is a presumption that the Commission has properly performed its rate making functions and the presumption prevails unless rebutted by clear evidence to the contrary. *United States v. Southern Railway Co.,* 5th Cir. 1966, 364 F.2d 86.

█ The Commission weighed the evidence, and upon the adequate evidence before it determined that the rate used by the

appellant in fixing its freight charge was unjust and unreasonable. Nothing in the record requires the Court to overturn that determination. The judgment of the district court is AFFIRMED.